EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
03/19/2015 02:47:28 PM

CLERK OF THE COURT

JANET TROST, ESQ.
Nevada Bar No. 004072
601 S. Rancho Drive, Ste. H-56
Las Vegas, Nevada 89106
Phone: 702-257-2889
Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JRS USA INC., | Case No: A-15-715545-C |
| Plaintiff | |
| vs. | Dept. No: XXXI |
| RJW TRANSPORT, INC., DOES I through V; and ROE entities I through V, inclusive | **EXEMPT FROM ARBITRATION: AMOUNT IN DISPUTE IN EXCESS OF $50,000.00** |
| Defendants. | |

### COMPLAINT

Comes now the Plaintiff, JRS USA INC., by and through its counsel Janet Trost, Esq. and for its causes of action against Defendant RJW TRANSPORT, INC., alleges as follows:

### THE PARTIES

1    At all times relevant hereto, Plaintiff, JRS USA INC. (hereinafter referred to as "Plaintiff"), was and is a New York corporation, located in New York City, and engaged in the sale of jewelry.

2    Upon information and belief, at all times relevant hereto, Defendant RJW TRANSPORT, INC., (hereinafter referred to as "Defendant") was and is a foreign corporation located in Clark County, Nevada, licensed to conduct business in Clark County, Nevada.

3    The true names and capacities of the persons and entities designated as DOES I through V and ROE entities I through V are unknown to the Plaintiff at this time, who accordingly designates each person and entity by the fictitious names but it is

-1-

believed that each person so identified is responsible in some manner for the damages suffered by the Plaintiff. When the true names and capacities of the DOE and ROE entities are identified and ascertained by the Plaintiff, the Plaintiff will seek relief to amend the Complaint to insert the true names and capacities.

### GENERAL ALLEGATIONS
### FACTS COMMON TO ALL CLAIMS

4    Plaintiff JRS USA INC. (hereinafter referred to as "Plaintiff") is a corporation engaged in the sale of jewelry as well as displaying samples of its jewelry at trade shows in order to obtain purchase orders.

5    Charles Yu from Silverist NY Inc. and Simon Yoon from Skyworld handle the transportation logistics for New York City companies that exhibit at the ASD/AMD trade shows, using Skyworld as the contracting entity.

6    Plaintiff exhibited its jewelry samples at the ASD/AMD trade show at the Sands Convention Center in Las Vegas, Nevada in March, 2013.

7    Skyworld contracted with Global Experience Specialists Inc. (hereafter "GES") a freight broker and freight forwarder, to ship the Plaintiff's jewelry samples back to its office in New York City, New York.

8    Defendant RJW TRANSPORT, INC., (hereinafter referred to as "Defendant") is in the business of providing transportation and support for businesses that need their products transported to and from trade shows.

9    GES contracted with the Defendant to transport the Plaintiff's jewelry samples back to New York.

10   At the conclusion of the trade show on the evening of March 20, 2013, or shortly after midnight, on March 21, 2013, Plaintiff's jewelry was loaded on a trailer and sealed by Gail Russo, an agent of GES, and two members of the teamsters union freight door managers.

11   On information and belief, the trailer was driven to the Green Lot located at 3150 Paradise, Las Vegas, Nevada, where it remained sealed until approximately 7-

8 a.m. on March 21, 2013, when it was picked up by the Defendant and moved to the Defendant's lot located at 3250 W. Ali Baba Lane, Las Vegas, Nevada 89118.

12. The trailer was due to be driven to New York early the next morning, but due to the illness of the truck driver that was supposed to drive the Plaintiff's merchandise back to New York, the trailer remained in Defendant's lot at Ali Baba Lane until March 25, 2013.

13. The lot that contained the trailer with Plaintiff's merchandise was left unprotected, in that it did not have any guards, and was not enclosed by a locked fence.

14. On or about 1:00 a.m. on March 25, 2013, Dave Sanders (hereafter "Driver"), the driver employed by the Defendant to drive the Plaintiff's merchandise back to New York, went to Defendant's lot to get the trailer.

15. The Driver, upon reaching the trailer, noticed that the seals that had been placed on the Plaintiff's merchandise was cut, that the pallets that contained the Plaintiff's merchandise had been cut apart, and that merchandise appeared to be missing.

16. Plaintiff's merchandise was taken from the trailer while it was parked in the Defendant's unprotected, unguarded lot.

17. On information and belief, the Driver immediately tried to call the Defendant to report that the seal had been cut and merchandise appeared to be missing, but due to the time that he noticed the theft, the Defendant was apparently closed and the telephone was not answered.

18. The Driver reported the situation the next morning when he was on the road driving Plaintiff's merchandise to New York.

19. The trailer arrived at Plaintiff's office in New York at 1:30 a.m. on March 27, 2013.

20. At that time and place, it was apparent that the trailer was not sealed, and that two pallets had been cut and boxes were missing.

-3-

21   Plaintiff conducted an inventory and found that three boxes were missing from the two pallets, and the missing jewelry was valued at $200,359.09.

22   Plaintiff filed a police report with the Las Vegas Metropolitan Police Department.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

23   Plaintiff hereby realleges all previous Paragraphs and by this reference incorporates the same herein as though set forth in full.

24   Defendant is in the business of providing transportation and support for businesses that need their products transported to and from trade shows.

25   GES contracted with the Defendant to transport the Plaintiff's jewelry samples back to New York.

26   At the conclusion of the trade show on the evening of March 20, 2013, or shortly after midnight, on March 21, 2013, Plaintiff's jewelry was loaded on a trailer and sealed.

27   On information and belief, the trailer was driven to the Green Lot located at 3150 Paradise, Las Vegas, Nevada, where it remained sealed until approximately 7-8 a.m. on March 21, 2013, when it was picked up by the Defendant and moved to the Defendant's lot located at 3250 W. Ali Baba Lane, Las Vegas, Nevada 89118.

28   The trailer was due to be driven to New York early the next morning, but due to the illness of the truck driver that was supposed to drive the Plaintiff's merchandise back to New York, the trailer remained in Defendant's lot until March 25, 2013.

29   The lot that contained the trailer with Plaintiff's merchandise was left unprotected, in that it did not have any guards, and was not enclosed by a locked fence.

30   On or about 1:00 a.m. on March 25, 2013, the Driver employed by the Defendant to drive the Plaintiff's merchandise back to New York, went to Defendant's

-4-

1  lot to get the trailer.

2      31    The Driver, upon reaching the trailer, noticed that the seals that had been placed on the Plaintiff's merchandise was cut, that the pallets that contained the Plaintiff's merchandise had been cut apart, and that merchandise appeared to be missing.

    32    Plaintiff's merchandise was taken from the trailer while it was parked in the Defendant's unprotected, unguarded lot.

    33    The trailer arrived at Plaintiff's office in New York at 1:30 a.m. on March 27, 2013.

    34    At that time and place, it was apparent that the trailer was not sealed, and that two pallets had been cut and boxes were missing.

    35    Plaintiff conducted an inventory and found that three boxes were missing from the two pallets, and the missing jewelry was valued at $200,359.09.

    36    Defendant had a contractual obligation to transport Plaintiff's merchandise safely and securely from Las Vegas, Nevada to New York City, New York.

    37    As part of that contractual obligation, Defendant had a duty to ensure that Plaintiff's merchandise was secure from the time it picked up the trailer until the time the contents were delivered.

    38    Defendant failed to keep Plaintiff's merchandise safe and secure, in breach of its contractual obligations.

    39    Due to Defendant' breach of contract, Plaintiff has been damaged in an amount in excess of $10,000.00, to be determined at trial.

    40    Plaintiff has been compelled to retain the services of legal counsel to prosecute this action, and on that basis, is entitled to an award of attorney's fees and costs of suit herein.

### SECOND CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

    41    Plaintiff hereby realleges all previous Paragraphs and by this reference

-5-

1 incorporates the same herein as though set forth in full.

2  42   Implied within the provisions of any contract is the covenant of good faith and fair dealings, a covenant that neither party would act to deprive the other party of the fruits and benefits of the contract.

43   By performing the acts alleged in this complaint, Defendant have caused damage to the Plaintiff in a sum in excess of $10,000.00, to be determined at trial.

44   Plaintiff has been compelled to retain the services of legal counsel to prosecute this action and, on that basis, are entitled to an award of attorney fees and costs of suit herein.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

45   Plaintiff hereby realleges all previous Paragraphs and by this reference incorporates the same herein as though set forth in full.

46   Defendant is in the business of providing transportation and support for businesses that need their products transported to and from trade shows.

47   GES contracted with the Defendant to transport the Plaintiff's jewelry samples back to New York.

48   At the conclusion of the trade show on the evening of March 20, 2013, or shortly after midnight, on March 21, 2013, Plaintiff's jewelry was loaded on a trailer and sealed.

49   On information and belief, the trailer was driven to the Green Lot located at 3150 Paradise, Las Vegas, Nevada, where it remained sealed until approximately 7-8 a.m. on March 21, 2013, when it was picked up by the Defendant and moved to the Defendant's lot located at 3250 W. Ali Baba Lane, Las Vegas, Nevada 89118.

50   The trailer was due to be driven to New York early the next morning, but due to the illness of the truck driver that was supposed to drive the Plaintiff's merchandise back to New York, the trailer remained in Defendant's lot until March 25, 2013.

51    The lot that contained the trailer with Plaintiff's merchandise was left unprotected, in that it did not have any guards, and was not enclosed by a locked fence.

52    On or about 1:00 a.m. on March 25, 2013, the Driver employed by the Defendant to drive the Plaintiff's merchandise back to New York, went to Defendant's lot to get the trailer.

53    The Driver, upon reaching the trailer, noticed that the seals that had been placed on the Plaintiff's merchandise was cut, that the pallets that contained the Plaintiff's merchandise had been cut apart, and that merchandise appeared to be missing.

54    Plaintiff's merchandise was taken from the trailer while it was parked in the Defendant's unprotected, unguarded lot.

55    The trailer arrived at Plaintiff's office in New York at 1:30 a.m. on March 27, 2013.

56    At that time and place, it was apparent that the trailer was not sealed, and that two pallets had been cut and boxes were missing.

57    Plaintiff conducted an inventory and found that three boxes were missing from the two pallets, and the missing jewelry was valued at $200,359.09.

58    Defendant knew that the trailer containing Plaintiff's merchandise had valuable inventory.

59    Defendant had an obligation to park the trailer in a safe lot.

60    Defendant had an obligation to transport the trailer in a timely manner.

61    Defendant was negligent in parking the trailer with Plaintiff's merchandise in a lot that was unprotected, in that it did not have any guards, and was not enclosed by a locked fence.

62    Defendant was negligent in not transporting the trailer in a timely manner.

63    Defendant was negligent in not checking on the trailer's safekeeping when the transport was delayed.

-7-

64    Plaintiff has been damaged in an amount in excess of $10,000.00, to be determined at trial.

65    Plaintiff has been compelled to retain the services of legal counsel to prosecute this action, and on that basis, is entitled to an award of attorney fees and costs of suit herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for each of the Causes of Actions as follows:

1    For judgment against the Defendant, RJW TRANSPORT, INC., for the principal sum of $200,359.09, plus interest from the date the debt was incurred;

2    For all costs of this suit incurred herein;

3    For attorneys' fees in an amount that the Court deems reasonable; and

4    For such other and further relief as the Court may deem just and proper.

DATED: March 18, 2015.

JANET TROST, ESQ.  
Nevada Bar No. 004072  
501 S. Rancho Drive, Ste. H-56  
Las Vegas, Nevada 89106  
Attorney for Plaintiff

-8-

1      and failure to so respond will result in a judgment of default against you for the relief
2      demanded in the Complaint, which could result in the taking of money or property
       or other relief requested in the Complaint.
3
     3.  If you intend to seek the advice of an attorney in this matter, you should do so
4      promptly so that your response may be filed on time.
5
     4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board
6      members, commission members and legislators, each have 45 days after
7      service of this summons within which to file an answer or other responsive
       pleading to the complaint.
8

9  Submitted by:



JANET TROST, ESQ.
Nevada Bar No. 004072
501 South Rancho Drive, Suite H-56
Las Vegas, Nevada 89106
Attorney for Plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

JUDIT ANGYAL
By: _____  MAR 2 4 2015
Deputy Clerk                              Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE:  When service is by publication, add a brief statement of the object of the action
        See Rules of Civil Procedure 4(b)